UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


ADVANCED BUILDING PRODUCTS            CIVIL ACTION
SERVICES, LLC


VERSUS                                        NO: 12-2273


CAPSTONE BUILDING CORPORATION        SECTION: R


**ORDER AND REASONS**

Advanced Building Products & Services, LLC ("Advanced"),
seeks confirmation of an arbitration award. Capstone Building
Corporation ("CBC"), objects. For the following reasons, the
arbitration award is confirmed.

**I.      BACKGROUND**

CBC was the general contractor for a project to build
dormitories at Southeastern Louisiana University. Advanced
contracted with CBC to supply the windows. There were three
contracts between Advanced and CBC, all of which took place in
2004.[1]

Advanced never took possession of the windows, nor did it
design or inspect them. Instead, the widows were shipped directly
from the manufacture's factory to the construction site. Advanced
provided a one year warranty, which began when the work was

---

[1]      R. Doc. 1-3; R. Doc. 1-4; R. Doc. 1-5.

substantially complete on August 1, 2005.[2] Advanced was not notified of a defect during this one year period.

In 2009, University Facilities, Inc. ("UFI") initiated an arbitration proceeding naming CBC as a respondent. CBC filed an arbitration demand against Advanced in 2010. CBC demanded defense and indemnification from Advanced pursuant to the purchase orders, because Advanced "fail[ed] to properly design and install appropriate windows to prevent water and moisture intrusion."[3] Advanced moved for Summary Judgment on the grounds that CBC's claims were prescribed under Louisiana law.

The arbitration panel granted Advanced's motion. It reasoned that Louisiana Civil Code Art. 2534 provides a that an action against a seller must be brought within four years of delivery or within one year of the discovery of the defect, whichever comes first.[4] In this case, if this provision applied, CBC's claim would have been prescribed in 2008. The arbitration panel held that this prescription period did apply, because CBC's claims against Advanced "arise out of a vendor/vendee relationship and are based on alleged defects in the things sold."[5]

---

[2]    R. Doc. 1-2 at 2.

[3]    *Id.* at 3.

[4]    *Id.*

[5]    *Id.*

The arbitration panel did not credit CBC's argument that its claims were claims for indemnification and therefore subject to a ten-year prescription period. The panel reasoned: "CBC's claims against Advanced are based on alleged defects in the widows sold by Advanced, and arise from their contracts of sale."[6] In ruling for Advanced, the arbitration panel granted that "all claims and demands by Capstone Building Corporation against Advanced Building Products & Services, LLC [be] hereby denied and dismissed."[7]

Advanced now seeks confirmation of the arbitration award.[8]

## II.  DISCUSSION

The Federal Arbitration Act provides that a party to an arbitration may apply to the court for an order confirming an arbitration award, and that, "the court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. An application for confirmation cannot be denied except in the most extraordinary of circumstances, and confirmation "is designed to be a summary procedure that makes the final arbitration award a judgment of the court." *UBS PaineWebber Inc.*

---

[6]   *Id.* at 4.

[7]   *Id.* at 5.

[8]   R. Doc. 1-1.

*v. Stone*, NO. Civ. A. 02-2025, 2002 WL 1791969, at *2 (E.D. La. Aug. 1, 2002).

CBC did not argue that the award be vacated or modified.[9] Nor could it, as the extreme circumstances outlined in Title 9, United States Code Section 10 are not present in this case. Instead, CBC argues that confirmation be denied because its actions in indemnity against Advanced are not prescribed. CBC further submits that the Court "only confirm the Ruling of the Arbitrators dated March 15, 2012, and grant no additional relief to Advanced."[10] CBC's objection seems to suggest that its indemnification claim against Advanced should not be dismissed. But the arbitration panel addressed and rejected this argument when it held that their claims were not a "contract action indemnity."[11] The arbitration panel dismissed "all claims and demands" by CBC against Advanced.

The arbitration panel's decision reflects a thorough consideration of the record and the parties' arguments. CBC had a full and fair opportunity to present its case before the arbitration panel. Accordingly, this award may be summarily confirmed.

---

[9]    R. Doc. 10 at 3.

[10]    *Id.*

[11]    R. Doc. 1-2 at 4.

## III. CONCLUSION

For the foregoing reasons, plaintiff's application for confirmation of the award is GRANTED, and judgment is entered on that award. The arbitration award entered on March 15, 2012, in favor of Advanced Building Products & Services, LLC against Capstone Building Corporation, is hereby made the judgment of this Court.

New Orleans, Louisiana, this 16th day of November, 2012.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE